UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NATHANIEL HOLT, JR., *et al.*,

        Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nathaniel Holt, Jr.'s Motion to Suppress [D.E. 289], which was previously referred to the Honorable Lurana S. Snow for proposed findings and a recommended disposition. On September 6, 2012, Magistrate Judge Snow filed a Report and Recommendation [D.E. 344] recommending that the Motion be denied. Defendant Holt timely filed his Objections to Judge Snow's Report and Recommendation, *see* D.E. 375, and the Government, in turn, filed its Response to Defendant Holt's Objections, *see* D.E. 384. The Court has since conducted a *de novo* review of Judge Snow's Report and Recommendation, Holt's Objections to the Report and Recommendation, the Government's Response to Holt's Objections, and the record, and is otherwise fully advised in the premises.

Holt's Motion to Suppress sought to exclude evidence obtained as the result of the execution of a search warrant on his residence in Opa Locka, Florida. As Judge Snow explained in her Report and Recommendation, the Honorable Frank J. Lynch, Jr., issued the search warrant on December 13, 2011. Defendant Holt moved to suppress the resulting evidence because, he contended, the

warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, as in *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975).  After reviewing the search warrant and affidavit and holding a hearing on Defendant's Motion to Suppress, Judge Snow rejected Defendant's argument, concluding that the affidavit supporting the search warrant "clearly demonstrated a fair probability that evidence of drug trafficking would be found at the Defendant's residence.  Therefore, [*United States v. Leon*'s, (468 U.S. 897 (1984)),] good faith exception applies, and no evidence seized pursuant to the warrant should be suppressed."  D.E. 343 at 5.

In his objections to the Report and Recommendation, Defendant "objects to [Judge Snow's] finding that the warrant was based on an affidavit that was not so lacking in indicia of probable cause as to render official disbelief in its existence [entirely unreasonable] . . . .[and] to the finding that the *Leon* 'good faith' exception applies to the facts of this case."  D.E. 375 at 1.  The Court has carefully reviewed the underlying search warrant and finds that it provides probable cause to believe that evidence of drug-trafficking would be found at Defendant's residence.

First, the affidavit sets forth allegations that Defendant Holt himself was found with large sums of cash in his car on two occasions in 2007.  Second, it relates abundant information about the existence of a multiple-year drug-trafficking conspiracy allegedly headed by Co-defendant Andre Barbary, with multiple co-conspirators, showing the interactions among the various alleged co-conspirators.  Third, the affidavit notes that Defendant Holt is Co-defendant Barbary's uncle — a fact that takes on additional significance in light of a text message from Co-defendant Barbary to Defendant Holt, allegedly sent in the midst of a drug transaction.  Fourth, the affidavit specifically discusses events allegedly relating to the drug-trafficking conspiracy, which, according to the

affidavit, occurred on October 14, 2011, at Defendant Holt's residence.  Fifth, as they pertain to promoting the alleged drug-trafficking conspiracy, the affidavit also describes incidents that allegedly happened on October 27, 2011, in part, at Defendant's residence.  Sixth, the affidavit asserts that on November 18 and 19, 2011, Defendant Holt and his residence, along with Co-defendants Barbary and Jackson, were again allegedly involved in a transaction in furtherance of the alleged conspiracy.  Seventh, tending to corroborate the agent's interpretation of the November 18 and 19, 2011, events, are evidence of a telephone call between the telephones of Co-defendants Barbary and Jackson and an immediate text thereafter from Co-defendant Barbary's telephone to Defendant Holt's, implicitly advising Defendant Holt that he could go to Co-defendant Jackson's door, even though it was about 6:16 a.m., because Co-defendant Jackson was awake.

In short, the Court respectfully disagrees with Defendant Holt's characterization of the affidavit as "so lacking in indicia of probable cause as to render official disbelief in its existence [entirely unreasonable]."  D.E. 375.  To the contrary, ample probable cause for the search warrant exists in the affidavit, and law enforcement was justified in relying upon it.  Therefore, the Court agrees with Judge Snow's Report and Recommendation and concludes that Defendant Holt's Motion to Suppress must be denied.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Snow's Report and Recommendation [D.E. 343] is hereby **AFFIRMED and ADOPTED**; and

    2.    Defendant Holt's Motion to Suppress [D.E. 289] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 1st day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:    Counsel of Record