UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL HOLT, JR., *et al.*,

    Defendants.

_____/

### ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on Defendant Nathaniel Holt, Jr.'s Renewed Motion for Judgment of Acquittal and Motion for New Trial [D.E. 531]. The Court has reviewed Defendant's Motion, the Government's Response, and the record. After careful consideration, the Court now **DENIES** Defendant Holt's Motion for New Trial for the reasons set forth below.

First, Defendant Holt renews all objections raised throughout the trial and the charge conference. D.E. 531 at 2. He further renews his pretrial motions seeking dismissal of the Indictment [D.E. 229]; suppression of the stops involving the monetary seizures on June 27, 2007 [D.E. 225], and January 7, 2010 [D.E. 226]; suppression of the Title III wiretaps [D.E. 247, D.E. 248, D.E. 259, D.E. 263]; suppression of the search warrant made at the 139th Street apartment [D.E. 289]; and "all other motions made by the other co-defendants [and adopted by Defendant Holt] during the course of the trial and pretrial." D.E. 531 at ¶ 4. For the reasons articulated in this Court's prior orders and denials of these motions and stated in the Court's overruling of the objections, the Court again denies the motions and overrules Holt's objections.

Second, Defendant Holt challenges the sufficiency of the evidence. The Court considers the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997). Upon reviewing the evidence adduced during trial — more specifically, the wiretap intercepts, the money seizures, the drug seizures, the surveillance, and the cooperator testimony, among other evidence — the Court cannot conclude that "no trier of fact could have found guilt beyond a reasonable doubt." *Id.* at 1324 (internal quotation omitted). Therefore, the Court must deny Holt's Motion as it relates to the sufficiency of the evidence.

Finally, Defendant Holt adopts arguments and grounds set forth by Co-defendant Monica Lewis in her Motion for New Trial [D.E. 530] as a basis for a new trial. For the same reasons that the Court declined to accept Lewis's arguments, *see* D.E. 543, the Court denies Defendant Holt's Motion as it rests on these grounds.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of January 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:     The Honorable Lurana S. Snow
            Counsel of Record